UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                No. 03-CR-80406

vs.                                            Hon. Gerald E. Rosen

D-19, ADEL ISAK,

                Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT ISAK'S
## MOTION TO CORRECT JUDGMENT

      At a session of said Court, held in
      the U.S. Courthouse, Detroit, Michigan
      on         March 24, 2010

      PRESENT: Honorable Gerald E. Rosen
                          Chief Judge, United States District Court

Adel Isak was charged, along with 18 other defendants, with conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(d). Specifically, the indictment charged the defendants with being members of the "Hammoud Enterprise," which allegedly operated from Lebanon, Canada, Brazil, Paraguay, China, North Carolina, Florida and the Dearborn, Michigan area. The enterprise is alleged to have perpetrated crimes in ten states, including trafficking of contraband cigarettes, in violation of 18 U.S.C. § 2342; obtaining, producing and/or distributing millions of counterfeit goods (including counterfeit cigarette tax stamps, counterfeit Viagra, and counterfeit "Zigzag" cigarette papers) in violation of 18 U.S.C. §§ 2315, 2320; transporting stolen goods

(including cartons of stolen paper products and baby formula) in interstate commerce in violation of 18 U.S.C. §§ 2314, 2315; and money laundering in violation of 18 U.S.C. § 1656. Members of the enterprise allegedly purchased cigarettes in low tax or no-tax jurisdictions, including North Carolina, Kentucky and on the Cattaraugus Indian Reservation near Irving, New York, in quantities worth up to $500,000 per week, then transported them to Michigan and New York for resale in order to evade state cigarette taxes. After Michigan enacted its cigarette tax stamp requirement in 1998,[1] members of the enterprise allegedly also began to obtain, produce and/or distribute millions of counterfeit state cigarette tax stamps for the states of Michigan, California and New York.

Defendant Adel Isak assisted and participated in the procurement of low taxed and untaxed cigarettes from North Carolina, Kentucky and the Cattaraugus Indian Reservation and transported them to Michigan. He also participated in the sale of the contraband cigarettes within the State of Michigan, explored ways to smuggle Zigzag papers with counterfeit labels into the United States from Canada, and possessed and transported genuine State of Michigan cigarette tax stamps to be affixed to untaxed and low taxed contraband cigarettes to facilitate their sale within Michigan. Some of the substantial cash profits from these and other crimes were reinvested in the commission of further criminal activity.

On March 27, 2009, Isak pleaded guilty to the RICO conspiracy pursuant to a Rule 11 Plea Agreement. The Plea Agreement stipulated a sentencing guideline range of 15 to

---

[1] These tax stamps evidence the payment of applicable state cigarette taxes in the state where the cigarettes are found.

21 months, a fine of up to $250,000, plus an undetermined amount of restitution.

Isak was put on notice by the Indictment that the conspiracy had deprived the State of Michigan of $20,000,000 in lost cigarette tax revenue. Hence, if he had been held liable for just 1% of this sum, he would have been liable for $200,000. The probation department, however, calculated the amount of restitution applicable to Isak to be only $50,000. Neither the Government nor Defendant Isak objected to the amount of restitution calculated in the Presentence Report.

On July 14, 2009, Isak was sentenced to 6 months imprisonment, no fine, and $50,000 in restitution. Isak did not appeal his sentence. On February 8, 2010, Isak moved to "correct" a "clerical error" in the Court's order of restitution, pursuant to Fed. R. Crim. P. 36.[2]

While Defendant is correct in that Rule 36 is a vehicle the Court may use to correct a "clerical error," no clerical error occurred in this case. The Court accepted the un-controverted calculations contained in the Presentence Report -- to which Defendant never objected -- and sentenced Isak accordingly. Rather than correcting a clerical error, what Isak really is attempting to do is to re-litigate the amount of his restitution almost one year after his sentencing. The Rules of Criminal Procedure preclude the Court from granting the relief requested at this time. Fed. R. Crim. P. 35(a) allows a court to correct a sentence that

---

[2] Fed. R. Crim. P. provides:

> After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other party of the record, or correct an error in the record arising from oversight or omission.

resulted from arithmetical, technical or other clear error "within 14 days after sentencing." Isak's motion is well-outside the parameters of Rule 35(a). Therefore, this Court has no jurisdiction to grant his motion. *See United States v. Vega*, 241 F.3d 910, 911 (7th Cir. 2001) ("[Rule 35's] seven-day time-limit is jurisdictional.") *See also United States v. Austin*, 217 F.3d 590, 597 (8th Cir. 2000); *United States v. Morrison*, 204 F.3d 1091, 1093 (11th Cir. 2000); *United States v. Abreu-Cabrera*, 64 F.3d 67, 73 (2nd Cir. 1995).

Moreover, even if the Court did have jurisdiction to entertain Defendant's motion, on the merits, the motion would fail. By failing to object to the presentence report, Isak "accepted all of the factual allegations contained in it." *United States v. Vonner*, 516 F.3d 382, 385 (6th Cir. 2008) (*en banc*). *See also*, *United States v. Levy*, 250 F.3d 1015, 1018 (6th Cir. 2001) ("district court is allowed to accept as true all factual allegations in a presentence report to which the defendant does not object")' *United States v. Stafford*, 258 F.3d 465, 476 (6th Cir. 2001) (failure to object to drug amount in PSR constitutes an admission of fact).

## CONCLUSION

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Defendant Adel Isak's Motion to Correct Error in Sentencing **[Dkt. # 268]** is DENIED.

                                      s/Gerald E. Rosen
                                      Chief Judge, United States District Court

Dated: March 24, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 24, 2010, by electronic mail and to Adel Isak, #40368-039, Federal Satellite Low, 2650 U.S. Highway 301 South, Jesup, GA 31599 by ordinary mail.

                                    s/Ruth A. Gunther
                                    Case Manager